## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-82280-CIV-MARRA/JOHNSON

MIZNER GRAND CONDOMINIUM
ASSOCIATION, INC.,

        Plaintiff,

vs.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA f/k/a THE
TRAVELERS INDEMNITY COMPANY
OF ILLINOIS, THE TRAVELERS
INDEMNITY COMPANY OF AMERICA,
MILLER & SOLOMON GENERAL
CONTRACTORS, INC., and BOCA
MARINA, LTD.,

        Defendants.

_____/



FILED by _____ D.C.

OCT 1 2 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER ON MOTION TO COMPEL DISCOVERY

**THIS CAUSE** is before the Court on Plaintiff Mizner Grand Condominium

Association, Inc.'s Motion to Compel Discovery [DE 29]. The matter is fully briefed and ripe

for review. The Court has carefully considered the motion, response, and reply, and is

otherwise fully advised in the premises.

### I. BACKGROUND

The instant action revolves around a breach of contract claim brought by Plaintiff

Mizner Grand Condominium Association, Inc. ("Mizner") against Defendant Travelers

Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois,

and Defendant The Travelers Indemnity Company of America (collectively "Travelers").

1

Originally, on April 14, 2003, Mizner brought suit in Florida circuit court against Defendants Boca Marina, Ltd. ("Boca") and Miller & Solomon Contractors, Inc. ("M&S"), alleging that Boca and M&S were to blame for numerous construction defects at the Mizner Grand Condominium. M&S was the general contractor for the condominium, and was insured under commercial general liability policies with Travelers. Boca was the developer of the condominium, and claimed that it was an additional insured under M&S's policies. During the course of Mizner's suit against Boca, Boca requested coverage from Travelers, but Travelers did not defend or indemnify Boca.

Mizner, Boca, and M&S executed a Mediated Settlement Agreement which resolved Mizner's construction defect claims. Travelers's failure to defend and indemnify Boca, however, purportedly caused Boca to default on its obligations under the settlement agreement, particularly its obligation to pay for third-party contractor work to remedy the defects. In consideration of Mizner's forbearance from suit against Boca, Boca assigned any claims it may have had under the insurance policy to Mizner.[1] In turn, Mizner brought the instant action against Travelers for breach of contract and declaratory judgment.

On May 28, 2010, Mizner served its First Set of Interrogatories and its First Request for Production on Travelers; Travelers responded in part and objected in part to these requests. Mizner now moves to compel additional responses, arguing that several of Travelers's responses are evasive or incomplete. Travelers contends that its responses were sufficient and claims that several of Mizner's requests are irrelevant.[2]

---

[1] Boca and M&S are present in this suit as nominal defendants.

[2] Travelers also argues that Mizner failed to confer prior to filing its Motion as required by the Local Rules. See S.D. Fla. L.R. 7.1(a)(3). Mizner responds that it

2

## II. STANDARD OF REVIEW

"Relevancy" under Rule 26(b)(1) is "construed broadly to encompass any matter that

bears on, or that reasonably could lead to other matters that could bear on, any issue that

is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)

(citation omitted). Requested information need not be admissible as evidence, so long as

the request appears reasonably calculated to lead to the discovery of admissible evidence.

Hickman v. Taylor, 329 U.S. 495, 507-508 (1947) (noting "cry of 'fishing expedition'" can

no longer serve to prevent inquiry into underlying facts of opponent's case); Farnsworth v.

Proctor and Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985) (the Federal Rules of Civil

Procedure "strongly favor full discovery whenever possible").

Because of the broad definition of relevant material in Rule 26, objections to

discovery requests based on relevance should be overruled "unless it is clear that the

information sought has no possible bearing on the claims and defenses of the parties or

otherwise on the subject matter of the action." Tate v. United States Postal Serv., No.

04-61509, 2007 WL 521848, at *1 (S.D. Fla. Feb. 14, 2007) (citing Dunkin Donuts, Inc. v.

Mary's Donuts, Inc., No. 01-0392, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001)). "The

party resisting production of information bears the burden of establishing lack of relevancy

or undue burden in supplying the requested information." Gober v. City of Leesberg, 197

conferred with Travelers on July 15, 2010 on various discovery issues, that Travelers
continued its discovery objections during a deposition of Travelers's corporate
representative on July 27, 2010, and that Mizner filed the instant motion on August 13,
2010 to avoid the thirty-day deadline imposed by Local Rule 26.1(h). The Court agrees
that most of the issues here could have been narrowed had Mizner specifically
conferred with Travelers about the instant motion. Due to the parties' good-faith efforts
at resolving the issues and in view of the other pending motions in this case, however,
the Court will resolve Mizner's motion.

F.R.D. 519, 521 (M.D. Fla. 2000).

## III. DISCUSSION

The Court now separately addresses each of the disputed discovery requests from Mizner's First Set of Interrogatories and its First Request for Production on Travelers.[3]

### Interrogatory No. 8

This interrogatory asks for the factual basis of any contention that Travelers had no duty to defend or reimburse Boca for the costs incurred in Mizner's construction defect lawsuit, and it also asks for the identity of any persons having knowledge of such facts. Travelers responded that Boca did not qualify as an additional insured under M&S's policy, that the complaint did not sufficiently allege "property damage," and that any "property damage" occurred after the policy period expired. Travelers also stated that exclusions in the policy bar coverage, and that Defendant Travelers Property Casualty Company of America did not issue the policy.

Mizner argues that Travelers's response is deficient because it does not state facts or identify persons relating to Traveler's defenses on the issue of its duty to defend. The Court agrees, and finds that, for the most part, Travelers has responded to Interrogatory No. 8 with legal arguments and conclusions.[4] For example, according to Travelers, Boca did not qualify as an additional insured under M&S's policy. Travelers may or may not be

---

[3] In its response to Mizner's Motion to Compel, Travelers represented that it would supplement its responses to Interrogatory Nos. 12 and 13 because it now has a clearer understanding of the claims that Mizner is bringing. See Opposition, DE 31, at 5-7. In turn, Mizner withdrew its Motion with respect to those two issues (without prejudice to refile if Travelers's supplemental response remained deficient), and so the Court does not address them. See Reply, DE 32, at 1 n.1.

[4] The Court in no way rules or comments on the merits of Travelers's arguments.

4

correct, but in any case, Mizner is entitled to know the facts that explain *why* Travelers is making this argument, assuming that such facts exist and are known to Travelers. Of course, to the extent Travelers's defenses are based on pure legal argument from the language of the policy or the undisputed facts in the case, there would likely be no material responsive to the interrogatory.

In accordance with the above and foregoing, it is hereby ordered that Mizner's Motion to Compel with regard to Interrogatory No. 8 is granted. Travelers has twenty (20) days from the date hereof in which to comply in a manner consistent with this Order.

## Request Nos. 4 and 6

Request for Production No. 4 seeks all documents that support Travelers's denial that none of the damages claimed in the complaint are for the cost of replacing defectively manufactured products. Similarly, Request for Production No. 6 seeks all documents that support Traveler's denial that the damages sought by Mizner occurred within the policy period. Travelers responded that, due to the vague allegations of "construction defects" in Mizner's complaint and the failure of Mizner to claim each category of damages specifically, there are no documents responsive to either request. Travelers also claims that any possibly responsive documents are under the care, custody, and control of Mizner, whom Travelers claimed produced a room full of thousands of unsegregated documents in response to Travelers's discovery requests.

The Court finds that this response is sufficient to overcome Mizner's Motion to Compel. It is elementary that a party cannot be ordered to compel non-existent information. See Maale v. Caicos Beach Club Charter, Ltd, No. 08-80131, 2010 WL 297808, at \*1 (S.D. Fla. Jan. 19, 2010); Vlasich v. Fishback, No. 05-01615, 2009 WL 3818392, at \*5 (E.D.

Calif. Nov. 10, 2009) (where defendant states in discovery responses that there are no responsive documents, the court has no basis to compel production). Here, after some throat-clearing, Travelers states that there are no documents in its custody that are responsive to Mizner's request. Under the circumstances, the Court also agrees that Travelers is not obligated to produce Mizner's own documents back to Mizner.

In accordance with the above and foregoing, it is hereby ordered that Mizner's Motion to Compel with regard to Request Nos. 4 and 6 is denied.

## Request No. 9

Request for Production No. 9 seeks all documents relating to all insurance claims made to Travelers in connection with the construction of the Mizner Grand Condominium. Travelers argues that such information is not discoverable because it is irrelevant, overbroad, and protected by attorney-client privilege insofar as the request pertains to the claim files of other insureds or to documents created after the denial of coverage to Boca. Mizner argues that such documents are relevant and discoverable, and that Travelers made its claim files relevant by asserting that there is no coverage under the policies for any "property damage" alleged in this case. For the following reasons, the Court agrees that Mizner's claim files are discoverable, but finds that some of Mizner's request is overbroad and irrelevant.

Under Florida law, "claim files, manuals, guidelines, and documents concerning [an insurance company's] claim handling procedures" are generally irrelevant in a dispute over the scope of insurance coverage. State Farm Fire & Cas. Co. v. Valido, 662 So. 2d 1012, 1013 (Fla. Dist. Ct. App. 3d Dist. 1995). See also GEICO v. Rodriguez, 960 So. 2d 794, 796 (Fla. Dist. Ct. App. 3d Dist. 2007) (claim file is not discoverable until insurer's

6

obligation to provide coverage is established); Fla. Farm Bureau Gen. Ins. Co. v. Copertino, 810 So. 2d 1076, 1079 (Fla. Dist. Ct. App. 4th Dist. 2002) (in general, claim files constitute work product and are protected from production). Since the instant case is a diversity action in federal court, however, federal law controls the scope of discovery and Florida law is not binding. Auto Owners Ins. Co. v. Totaltape, Inc., 135 F.R.D. 199, 201 (M.D. Fla.1990).

In contrast to the Florida cases Travelers has cited, federal courts have repeatedly held that there is no distinct privilege or principle that provides blanket protection over an insurer's claim files. See, e.g., 1550 Brickell Associates v. QBE Ins. Corp., No. 07-22283, 2008 WL 4279538, at *1 (S.D. Fla. July 8, 2008) ("claim file is not given any special privileges"); Atrium on the Ocean II Condo. Ass'n, Inc., No. 06-14326, 2007 WL 2972937, at *2 (S.D. Fla. Oct. 9, 2007) ("no blanket protection of an insurance company's claim file"); St. Joe. Co. v. Liberty Mut. Ins. Co., No. 05-1266, 2006 WL 3391208, at *3 (M.D. Fla. Nov. 22, 2006) ("federal courts regularly permit discovery of an insurer's claims file"). Thus, under federal law, claim files are discoverable in an action for breach of insurance contract, so long as such documents do not relate solely to the issue of whether an insurance company denied a claim in bad faith. See Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 696 (S.D. Fla. 2007). Though "the proper scope of discovery in a coverage case does not include discovery targeting bad faith issues," "[d]ocuments or testimony that relates to the investigation, processing and analysis of an insured's claim are discoverable in a first-party insurance coverage case." Buckley Towers Condominium, Inc. v. QBE Ins. Corp., No. 07-22988, 2008 WL 2645680, at *2-*3 (S.D. Fla. June 26, 2008).

This lack of protection does not mean that all documents in an insurer's possession

7

are immediately rendered discoverable. The traditional protections of the attorney-client privilege and the work-product rule continue to apply on a document by document basis within the insurer's files. See St. Joe. Co., 2006 WL 3391208, at \*4. Information regarding other insureds, absent a claim of bad faith, is outside the scope of even the broad bounds of discovery envisioned by Rule 26. See Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp., — F.R.D. —, No. 10-21511, 2010 WL 3448180, at \*2 (S.D. Fla. Aug. 30, 2010). Finally, internal claims handling policies and underwriting procedures, as typically evidenced by manuals and internal memoranda, are generally not relevant to the factual matter of entitlement to coverage. Id. at \*3.

Here, Mizner requests "all documents relating to any and all insurance claims made to Travelers in connection with the Project." On its face, the request seeks all claim files for *all* insureds for insurance claims that occurred in connection with the Project, and is therefore overbroad to the extent it relates to parties other than M&S, Boca, and Mizner. Mizner's request also encompasses internal memoranda relating to claim handling policies and procedures, materials that have no relevance in a straight coverage dispute. On the other hand, Mizner is correct that Travelers's claim files are relevant because Travelers's alleged duty to defend and indemnify Boca arose from Boca being named as an additional insured of M&S. Additionally, the claim files relate to Travelers's affirmative defenses concerning whether "property damage" occurred in the condominium and whether that damage was within the policy period. Finally, Travelers has not specified which parts of its claim files are protected by attorney-client privilege.

In accordance with the above and foregoing, it is hereby ordered that Mizner's Motion to Compel with regard to Request No. 9 is granted in part and denied in part.

Travelers shall produce documents in its claim file related to M&S, Boca, and Mizner's claims in connection with the Mizner Grand Condominium. To the extent Travelers asserts any claim of attorney-client privilege with respect to a document in the claim files, Travelers shall produce a privilege log pursuant to Local Rule 26.1(g). Travelers has twenty (20) days from the date hereof in which to comply in a manner consistent with this Order. It is hereby

**ORDERED AND ADJUDGED** that Plaintiff Mizner Grand Condominium Association, Inc.'s Motion to Compel Discovery [DE 29] is **GRANTED IN PART AND DENIED IN PART** in accordance with the terms and conditions as set forth herein.

**DONE AND ORDERED** in Chambers October 8th, 2010 at West Palm Beach, Florida.

Linnea R. Johnson
United States Magistrate Judge

cc    The Honorable Kenneth A. Marra
      All Counsel of Record